UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADACEL, INC., AND ADACEL
SYSTEMS, INC.,

    Plaintiffs,

v.                                       Case No:   6:18-cv-1176-Orl-18TBS

ADSYNC TECHNOLOGIES, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant Adsync Technologies, Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Dismiss for Improper Venue and Order to Show Cause (Doc. 22). Plaintiffs Adacel, Inc. and Adacel Systems, Inc. have filed a response in opposition to the motion (Doc. 30).

Plaintiffs allege that Defendant misappropriated their trade secrets in violation of 18 U.S.C. § 1836, Chapter 688 Florida Statutes, and a Non-Disclosure Agreement (Doc. 14). Defendant has filed a motion to dismiss in which it argues that the Northern District of Florida is the proper venue for this controversy (Doc. 16). The motion to dismiss has been fully briefed and the parties are waiting for a decision.

The Court's Related Case Order and Track Two Notice established a deadline for counsel to meet, prepare, and file the parties' case management report (Doc. 5). On November 5, 2018 the Court ordered Plaintiff to show cause why this case should not be dismissed due to the parties' failure to timely file the report (Doc. 21). The Order to Show Cause stated that "[f]ailure to respond shall result in a dismissal of this action without further notice from the Court." (Id.). Plaintiffs filed a response in which they apologized

and suggested that the Court's concern was resolved by the filing of the case management report (Doc. 24). After reading Plaintiffs' response, the Court discharged the Order to Show Cause (Doc. 25).

The issue now before the Court is Defendant's request to stay all discovery until the Court rules on the motion to dismiss (Doc. 22). Defendant argues that FED. R. CIV. P. 26(b)(1) "require[s] a stay of discovery proceedings pending resolution of a dispositive motion." Defendant also cites The Middle District of Florida Discovery Practice Handbook for the proposition that "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." (Middle District Discovery (2015) at 5, ¶ I.A.4). Defendant argues that its motion to dismiss for improper venue and the Order to Show Cause constitute "unusual circumstances" warranting a stay in this case (Doc. 22, ¶ 16). Defendant also alleges that it will be prejudiced if required to respond to burdensome discovery before the motion to dismiss is decided (Id., ¶¶ 12-14, 16-17 ).

District courts have inherent power to control their dockets and manage their cases, including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017). The party seeking the stay has the burden

of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006).

In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

The possibility of dismissal pursuant to the Order to Show Cause is no longer an issue inasmuch as that Order has been discharged. Defendant's motion to dismiss, if granted, is not case dispositive. Defendant's best outcome is that the Court will transfer this dispute to the Northern District of Florida. Defendant has not explained, and the Court fails to comprehend, how a change in venue will cause Plaintiffs to revise and limit the discovery they have already propounded. And, after reviewing the motion to dismiss and Plaintiffs' response, the Court is not persuaded that "there appears to be an immediate

and clear possibility that" Defendant's motion will be granted. Koock, 2009 WL 2579307, at *2. Accordingly, the motion to stay discovery is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Unrepresented Parties
Any Counsel of Record