UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADACEL, INC. and ADACEL SYSTEMS,
INC.,

    Plaintiffs,

v.                                                               Case No:   6:18-cv-1176-Orl-40TBS

ADSYNC TECHNOLOGIES, INC.,

    Defendant.
_____

## ORDER

    Plaintiffs complain that Defendant misappropriated their trade secrets and breached a non-disclosure agreement (Doc. 14). Defendant filed a motion to dismiss for improper venue, based on FED. R. CIV. P. 12(b)(3) (Doc. 16). The Court has not yet ruled on the motion. After filing the venue motion to dismiss, Defendant filed a motion to stay discovery until the Court decides the motion to dismiss (Doc. 22). The motion for stay was denied (Doc. 31).

    Next, Defendant filed a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted (Doc. 33). The Court has not yet ruled on this motion. Now before the Court is Plaintiffs' motion to strike or deny Defendant's second, Rule 12(b)(6) motion to dismiss (Doc. 34). As grounds, Plaintiffs argue that the second motion to dismiss is untimely, prohibited by Rule 12, and the combined motions to dismiss exceed the Court's limit of 25 pages (Doc. 34).

    Defendant counters that it can raise Rule 12(b)(6) defenses at any time prior to filing a responsive pleading, as affirmative defenses in its responsive pleading, in a motion for judgment on the pleadings, in a motion for summary judgment, and at trial

(Doc. 35 at 2). Defendant also argues that it is permitted to file separate motions under Rules 12(b)(3) and 12(b)(6), and that it was not clear when the venue motion was filed that Defendant had grounds to assert collateral estoppel based on Plaintiff Adacel Systems, Inc.'s initial and supplemental protests of an FAA contract awarded to Defendant (Id. at 4-5; Doc. 7). Lastly, Defendant notes that neither of its motions to dismiss exceeds the Court's page limit (Id. at 5-6).

Successive motions to dismiss are generally not permitted. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[1] FED. R. CIV. P. 12(g)(2). Rules 12(h)(2) and (3) provide:

> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
>> (A) in any pleading allowed or ordered under Rule 7(a);
>>
>> (B) by a motion under Rule 12(c); or
>>
>> (C) at trial.

---

[1] The commentary to the rule explains:

> Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

Advisory Committee Notes 1966 Amendment.

> (3) Lack of Subject-Matter Jurisdiction. If the court determines
> at any time that it lacks subject-matter jurisdiction, the court
> must dismiss the action.

Fed. R. Civ. P. 12(h)(2) - (3). None of these exceptions apply. Defendant does not challenge the Court's subject-matter jurisdiction, it has not filed a motion for judgment on the pleadings, and the case has not gone to trial. See Hummel v. Tamko Bldg. Prod., Inc., No. 6:15-cv-910-Orl-40GJK, 2016 WL 7340301, at *4 (M.D. Fla. Mar. 28, 2016).

This leaves Defendant's argument that its motion to dismiss for failure to state a cause of action should be permitted because it was not clear when Defendant filed its Rule 12(b)(3) motion that the collateral estoppel argument presented in its Rule 12(b)(6) motion was available. "A defense is 'unavailable' for purposes of rule 12(g)(2) 'if its legal basis did not exist at the time of the answer or pre-answer motion,' so that it was 'for all practical purposes impossible for the defendants to interpose their … defense.'" Noveshen v. Bridgewater Assoc., LP, No. 13-CV-61535-KAM, 2015 WL 11170928, at *3 (S.D. Fla. July 20, 2015) (quoting Gilmore v. Palestinian Interim Self-Gov't Auth., 8 F.Supp.3d 9, 13 (D.D.C. 2014)). Defendant has not satisfied its burden to show the unavailability of collateral estoppel as a defense when it filed its original motion to dismiss.

Accordingly, Plaintiffs' Motion to Strike/Deny Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 34) is **GRANTED** and Defendant's Motion to Dismiss for Failure to State a Claim on Which Relief May be Granted (Doc. 33) is **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record