UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADACEL, INC. and ADACEL SYSTEMS, INC.,

    Plaintiffs,

v.                                    Case No:   6:18-cv-1176-Orl-40TBS

ADSYNC TECHNOLOGIES, INC.,

    Defendant.

## ORDER

Plaintiffs Adacel, Inc. and Adacel Systems, Inc. allege that Defendant Adsync Technologies, Inc. misappropriated and stole their trade secrets and the opportunity to contract to provide product to the Federal Aviation Administration (Doc. 14). Defendant describes the parties as "highly sophisticated technology companies, whose relationship and course of dealing can be reasonably anticipated to have generated extensive ESI relevant to the claims and defenses at issue in this litigation" (Doc. 39 at 1-2). Plaintiffs agree that they are "highly sophisticated technology companies" (Doc. 40 at 9).

Pending before the Court is Defendant's Motion to Compel Appropriate E-Discovery Protocol (Doc. 39). Specifically, Defendant is requesting an order compelling the parties to engage third party e-discovery vendors for document collection and processing and that the Court set a date by which the parties must reach agreement concerning document custodians and search terms (Id., at 9). As grounds for its motion, Defendant represents that a number of discovery issues, including the identification of appropriate document custodians and search terms, have gone unresolved for at least

one month (Id., at 2). Defendant also represents that Plaintiffs have provided deficient responses to a number of Defendant's discovery requests (Id.).

It is obvious that the parties are in substantial disagreement concerning a number of discovery issues and that judicial intervention may ultimately be required. But Defendant's motion is premature. Nobody has filed a motion to compel discovery, or to the Court's knowledge, held the meet-and-confer required before such a motion could be filed. Instead, Defendant is precipitately seeking relief not expressly contemplated in the Federal Rules of Civil Procedure. While the relief Defendant seeks may in the long run prove necessary, we are not there yet.

The parties are reminded that "the discovery process in federal court is designed to be self-regulating." Darquea v. National Securities Corp. of Washington, No. 09-80025-CIV-MARRA/JOHNSON, 2010 WL 11506008, at *1 (S.D. Fla. Feb. 8, 2010). Discovery is supposed to "be conducted extrajudicially" U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 696 (S.D. Fla. 1990); with "a minimum of judicial intervention." Knight v. Docu-Fax, Inc., 838 F.Supp. 1579, 1581 (N.D. Ga. 1993). This can only be accomplished if the parties exhaust all reasonable avenues for dispute resolution before bringing a discovery dispute to the Court. Because that hasn't happened, Defendant's motion is **DENIED without prejudice**.

Although the motion has been denied, the Court will offer the parties some guidance. They are advised that the undersigned has endorsed The Sedona Conference Cooperation Proclamation. As the Proclamation explains, counsel can and should act cooperatively while still zealously advocating for their clients. The Court also commends to counsel: (1) The Sedona Conference Commentary on Achieving Quality in the E-Discovery Process; (2) The Sedona Conference Database Principles; (3) The Sedona

Conference Principles for Electronic Document Production, Third Edition; and (4) The Sedona Conference Commentary on the Use of Search and Retrieval Methods in E-Discovery which provides, *inter alia*:

> **Practice Point 2**. Success in using any automated search method or technology will be enhanced by a well thought out process with substantial human input on the front end.
>
> **Practice Point 6**. Parties should make a good faith attempt to collaborate on the use of particular seach and information retrieval methods, tools and protocols (including as to key words, concepts, and other types of search parameters).

The Sedona Conference, http://www.thesedonconference.og. The Court also refers the parties to the Principles for the Discovery of Electronically Stored Information in Civil Cases published by the United States District Court for the District of Maryland.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record