UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADACEL, INC. and ADACEL SYSTEMS,
INC.,

    Plaintiffs,

v.                                            Case No:   6:18-cv-1176-Orl-40TBS

ADSYNC TECHNOLOGIES, INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiffs' Motion to Compel Documents Responsive to Requests 9-14 and 41 of their First Request for Production (Doc. 43). Defendant Adsync Technologies, Inc., has filed a response in opposition to the motion (Doc. 45).

Plaintiffs Adacel, Inc. and Adacel Systems, Inc. are the world's leading suppliers of air traffic control tower simulators (Doc. 14, ¶ 6).[1] In 2007 the Federal Aviation Administration contracted to buy simulators and services from one of the Plaintiffs (Id., ¶¶ 6, 10). Plaintiffs decided to subcontract part of the work to Defendant (Id., ¶ 11). As a condition of the subcontract, Plaintiffs and Defendant signed a Non-Disclosure Agreement in which they promised to maintain the confidentiality of certain information they disclosed to each other (Id., ¶¶ 12-15; Doc. 14-1). After the subcontract and nondisclosure agreement were signed, Plaintiffs revealed their trade secrets, proprietary software, and proprietary design documents to Defendant (Id., ¶¶ 21, 23). Plaintiffs allege

---

[1] This information was taken from Plaintiffs' Amended Complaint (Doc. 14) and is provided solely as background. The Court does not make findings of fact in this Order.

that after the subcontract ended, Defendant began using their confidential and proprietary information illegally, to contract directly with the FAA (Id., ¶¶ 33-36). Plaintiffs bring this lawsuit for misappropriation of their trade secrets in violation of 18 U.S.C. § 1836 and Chapter 688 Florida Statutes, and for breach of the Non-Disclosure Agreement (Id.).

Counsel met on October 3, 2018 to prepare the parties' case management report (Doc. 23 at 3). During the meeting, Plaintiffs served their first requests for production on Defendant (Doc. 43 at 2; Doc. 45, ¶ 1). Defendant responded to the requests on November 5, 2018 (Doc. 45-2 at 13). At the end of January 2019, Defendant added a second law firm to its team (Doc. 37). On February 4, 2019 Defendant's new lawyers served amended responses to the requests for production (Docs. 37, 45-3).[2] Now, Plaintiffs seek an order compelling Defendant to provide better responses to requests 9-14 and 41.

In its original response, Defendant objected to all of Plaintiffs' requests for production on the ground that they were premature until the parties' case management report was finalized (Doc. 45-2 at 1). Subject to exceptions not applicable here, parties "may not seek discovery from any source before [they] have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d)(1). The Court's Related Case Order and Track Two Notice informed the parties that "[u]nless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting." (Doc. 5 at 1). The requirements of this Order are consistent with Local Rule 3.05(c)(2)(B). When Plaintiffs served their requests for production all conditions for the commencement of discovery had been

---

[2] Defendant represents that "the parties agreed to several extensions of time for [Defendant] to file amended responses to [Plaintiffs'] written discovery." (Doc. 45, ¶ 6). The Court proceeds on the basis that Defendant's amended responses were served in accordance with the parties' agreement and were therefore, timely.

satisfied. Accordingly, Defendant's objection based upon the timing of service of the requests is overruled.

Requests 9-13 ask Defendant to produce its tax returns, financial statements, general ledgers, balance sheets, and profit and loss statements for the three-year period leading up to the filing of this lawsuit (Doc. 43-1 at 5). Initially, Defendant responded to all five requests as follows: "Subject to the blanket objection, no further objections at this time." (Id.). Plaintiffs argue that once the Court overrules Defendant's original blanket objection (as it has just done), this discovery should be compelled (Doc. 43 at 5).

Plaintiffs' argument ignores the objections made by Defendant's additional lawyers when they entered the case. They object that the requested information is confidential,[3] not relevant to the claims and defenses at issue, and that Defendant "has provided financial information related to FAA contract DTFAWA11A00179CALL0001 in connection with Interrogatory No. 4." (Doc. 43-2 at 5-6). The Court must rule on these objections before the motion to compel can be disposed of. This is made more difficult because Defendant's answer to interrogatory number four has not been shared with the Court.

Request number 14 asks Defendant to produce all documents describing its methods of accounting for revenues, costs and profits (Doc. 43-1 at 5). In its original response Defendant said: "Subject to the blanket objection, no further objections at this time except that the term "sufficient to describe" is vague and subjective." (Id.). Defendant's amended response to request number 14 is the same as its amended responses to requests 9-13 (Doc. 43-2 at 6).

---

[3] Defendant's claim of confidentiality is puzzling. The parties have entered into a twenty-page Confidentiality Agreement to protect any confidential information that is disclosed in this lawsuit (Doc. 43-3). The agreement appears to address Defendant's concerns and it does not suggest otherwise in its response to the motion to compel.

Request number 41 asks for all of Defendant's documents referring or relating to its gross margin on contracts with the FAA (Doc. 43-1 at 13). For its original response Defendant said:

> Objection. This request is objectionable on the grounds and to the extent it is overly broad, burdensome and oppressive as it seeks to impose undue expense upon the respondent in providing a response, is not properly limited in time or scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This request does not recognize that Adsync is currently performing a nationwide contract utilizing FAA software originally sold to the FAA by Adacel and subject to confidentiality and non-disclosure provisions of the FAA contracts.

(Id.). Defendant's amended response is the same as its response to requests 9-13 (Doc. 43-2 at 13).

Plaintiffs argue that Defendant's second set of objections should be overruled because they are nothing but boilerplate (Doc. 43 at 7). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(a)(2)(B) and (C). As the court observed in Liguria Foods, Inc. v. Griffith Laboratories, Inc., No. C 14-3041-MWB, 2017 U.S. Dist. LEXIS 35370, at *32 (N.D. Iowa Mar. 13, 2017), "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at *36 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916). "Objections which state that a discovery request is 'vague, overly broad, or unduly

burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 693685, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Defendant's amended objections are too general to satisfy the specificity requirement in Rule 34 and therefore, they are overruled.

Still, Defendant insists that it has preserved its objections based upon relevancy and confidentiality because in its initial response it said it "'reserve[d] the right to make any further objections respective to each request' and was providing only its 'initial objections' in light of the unusual procedural posture of the case."[4] (Doc. 45 at 6-7). Defendant cites no legal authority in support of this claim and the Court rejects Defendant's argument. Any procedure that permitted parties to reserve the right to make future objections to discovery would conflict with FED. R. CIV. P. 1 and the discovery rules, all of which are intended to facilitate the speedy and efficient discovery of the information that is relevant and proportional to the needs of the case.[5] The language upon which Defendant relies did not preserve any right on its part to amend or supplement its responses at a later date.

Copies of emails included in the record show that counsel engaged in good faith negotiations to resolve this dispute before the motion to compel was filed (Docs. 45-4; 45-5). Defendant asserts that during those negotiations Plaintiffs "implicitly conceded that the only documents truly necessary for [their] damages analysis were those related to

---

[4] The Court has no idea what was unusual about the procedural posture of the case.

[5] For example, FED. R. CIV. P. 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. In this Court's view, the omission of this language from Rule 34 does not mean that the philosophy underlying objections in Rule 34 is different than in Rule 33.

- 5 -

[Defendant's] profits under its contracts with the FAA." (Doc. 45, fn. 1). This is Defendant's interpretation of communications that did not result in an agreement. It is of no consequence to the Court in deciding this motion to compel.

Perhaps anticipating that the Court would find its objections insufficient, Defendant argues that it is still Plaintiffs' burden to prove that the requests for production seek relevant information (Doc. 45 at 7). Defendant also argues that "even if a party has waived its objections by voluntarily answering or clearly delineating its partial response, the court may still deny a motion to compel when the discovery request exceeds the bounds of fair discovery." Siddiq, 2011 WL 6936485, at *3. Defendant contends that Plaintiffs have failed to demonstrate that the information sought in these requests is relevant and within the scope of discovery (Doc. 45 at 7-8). The Court agrees that the case law and FED. R. CIV. P. 26(c)(1) give it the authority to grant Defendant relief in the appropriate circumstances.

Plaintiffs explain that the requested financial information is relevant to the calculation of their damages (Doc. 43 at 5-7). One of the remedies available to Plaintiffs on their claims for the misappropriation of trade secrets is disgorgement to prevent unjust enrichment. 18 U.S.C. § 1836(b)(3)(B); FLA. STAT. § 688.004(1); CFTC v. Sidoti, 178 F.3d 1132, 1138 (11th Cir. 1999). Plaintiffs want Defendant's financial information to show its financial condition immediately before it contracted with the FAA and after it contracted with the FAA (Id., at 6). Plaintiffs believe the majority of any increase in Defendant's revenue during this period was only made possible though the use of Plaintiffs' trade secrets (Id.).

Defendant argues that even though its objections were not preserved, Plaintiffs are only entitled to the financial documents necessary to perform an unjust enrichment

- 6 -

analysis (Doc. 45 at 7). Defendant's president has stated that in 2015 only one percent of his company's total sales were attributable to FAA contracts; in 2016 that figure increased to ten percent; and in 2017 it was fifteen percent (Doc. 45-1, ¶ 5). Defendant's president also states that his company's other contracts "are wholly unrelated to [its] business relationships with [Plaintiffs] or any issue in this litigation." (Id., ¶ 11).

Before the motion to compel was filed Defendant "offered to produce financial documents relating to profits attributable to the FAA contracts at issue, which constitute the totality of the financial information necessary for [Plaintiffs] to complete an unjust enrichment damages analysis, pursuant to well-established legal authorities." (Doc. 45 at 3). In an email to Plaintiffs' lawyer, Defendant said it would "produce documents in support of the gross profit numbers given in response to the interrogatories as to [Defendant's] relationship with the FAA. This is the only information relevant to the case as it would relate to damages." (Id., at 50).

On this record the Court finds that Plaintiffs are guilty of overreaching. The financial information they seek goes beyond what they need to calculate Defendant's alleged ill-gotten gains from the misappropriation of Plaintiffs' trade secrets. This is not to say that the Court finds that the only relevant information is Defendant's gross profit numbers. More reliable information may be learned by looking at a somewhat bigger picture. Now, Plaintiffs' motion is **GRANTED in part**. Within 14 days from the rendition of this Order, Defendant shall produce those portions of its financial statements, general ledgers, balance sheets and profit and loss statements for the three-year period leading up to the filing of this lawsuit, which depict and detail Defendant's profits and losses from the FAA contracts that are the subject of this lawsuit. In all other respects the motion to compel the production of information from Defendant is **DENIED**. While Plaintiffs are

entitled to learn how Defendant accounts for its revenues, costs and profits that is better discovered by an interrogatory or at a deposition.

When a motion to compel is granted, the Court ordinarily awards the movant its reasonable expenses, including attorney's fees and costs incurred to bring the motion. FED. R. CIV. P. 37(a)(5). The Rule recognizes three exceptions:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). Here, because there is no clear winner an award of legal expenses to any party would be unjust. Accordingly, all parties' requests for their legal expenses are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record