# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ADACEL, INC. and ADACEL SYSTEMS, INC.,**

      **Plaintiffs,**

**v.**                                                         **Case No:   6:18-cv-1176-Orl-78EJK**

**ADSYNC TECHNOLOGIES, INC.,**

      **Defendant.**
_____/

## ORDER

In this matter before the Court, Defendant Adsync Technologies, Inc., seeks sanctions against Plaintiffs Adacel, Inc., and Adacel Systems, Inc., for Plaintiffs' failure to supplement certain initial disclosures and discovery responses. (Doc. 196.) Plaintiffs filed a response in opposition (Doc. 204), and the Court held a hearing on the motion on July 13, 2020 (Doc. 222). For the reasons stated on the record and below, the motion will be granted in part and denied in part.

First, Defendant takes issue with Plaintiffs' failure to supplement its answers to interrogatories 1, 3, 9, 10, 13, 15, 16, and 20 from its First Set of Interrogatories because the responses indicated that Plaintiffs needed additional discovery to provide complete answers. (Doc. 196 at 2–5.) Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In response, Plaintiffs point out that some of its interrogatory responses noted objections in addition to Plaintiffs' need to conduct more discovery. As to those interrogatories, Plaintiffs argue that discovery has closed, and Defendant should have brought these allegedly deficient responses before the Court prior to the close of discovery. (Doc. 204 at 6.) The Court agrees. Therefore, the motion will be denied as to interrogatories 3 and 15 because the response to each raises additional objections beyond the need to conduct discovery.

Regarding interrogatories 1 and 20, Plaintiffs state that they have not received additional information in discovery that would warrant updating their answers. As to interrogatories 9, 10, 13, and 16, Plaintiffs state that they have no additional information to provide. In essence, Plaintiffs are standing on their answers to these interrogatories. (*See* Doc. 204 at 6–10.) The Court will take Plaintiffs at their word, and they will not be allowed to use any information that was not previously disclosed in response to these interrogatories "to supply evidence on a motion, at a hearing, or at trial." Nevertheless, as noted by Plaintiffs, this ruling will not accomplish very much because Defendant has not identified any particular piece of evidence that it seeks to preclude. (Doc. 204 at 9–10.) The Court will expect the parties to meet and confer in good faith before Defendant files a motion to preclude evidence based on this Order.

Next, in response to request for admission 35 from Defendant's First Requests for Admissions, Plaintiffs stated: "Adacel cannot admit or deny this request without further discovery." Defendant contends that enough information was produced to respond to this request for admission, while Plaintiffs contend that Defendant refused to produce the information that would have allowed it to admit or deny the request. Considering the arguments of both parties, the Court will decline to deem the request admitted.

Additionally, Defendant argues that Plaintiffs failed to update their initial disclosures to include Kevin Langley as a witness until "the evening of the last day of the extended discovery period." (Doc. 196 at 2.) In response, Plaintiffs note that, in August 2019, Defendant noticed Mr. Langley for a deposition, but ultimately chose not to go forward with it. (Doc. 204 at 4.) Moreover, Mr. Langley verified the interrogatory responses at issue. (*Id.* at 5.) Given Defendant's prior knowledge of Mr. Langley and his importance to the case, the Court finds that Defendant was not prejudiced by Plaintiffs' last-minute disclosure of Mr. Langley as a witness. *See Two Men & a Truck Int'l, Inc. v. Residential & Commer. Transp. Co., Ltd. Liab. Co.*, No. 4:08cv67-WS/WCS, 2008 U.S. Dist. LEXIS 103896, at *5–7 (N.D. Fla. Oct. 20, 2008).

Finally, Defendant has requested monetary sanctions for bringing the motion, and Plaintiffs have requested monetary sanctions for responding to the motion. Given the mixed results in this Order, and upon consideration of the argument of both parties, the Court declines to award sanctions to either party.

Accordingly, Defendant's Motion for Sanctions (Doc. 196) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs are **ORDERED** not to use any information that was not previously disclosed in response to interrogatories 1, 9, 10, 13, 16, and 20 from Defendant's First Set of Interrogatories "to supply evidence on a motion, at a hearing, or at trial"; and

2. The motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE